UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.
04 10891DPW

LLOYD PEACOCK, )
    Plaintiff )
 )
v. )
 )
 )
TECOMET, a subsidiary of )
VIASYS HEALTHCARE, INC., )
    Defendant )

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  The plaintiff, Lloyd Peacock, resides at 8559 East Neville Street, Mesa, AZ, 85208.

2.  The defendant, Tecomet, a subsidiary of Viasys Healthcare, Inc., is a duly incorporated Delaware corporation with a principal place of business at 227 Washington Street, Suite 200, Conshohocken, PA 09428.

3.  Venue lies in Massachusetts where the events giving rise to the claim occurred. 28 U.S.C. §1391.

4.  The district court has original jurisdiction of this civil action arising under the laws of the United States. 28 §1331.

### COUNT I
### THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), TITLE VII, AND MASSACHUSETTS GENERAL LAWS, CHAPTER 151B

5.  The plaintiff realleges paragraphs 1 through 4 of the complaint.

1

6. At 59 years old, the plaintiff (d.o.b. 7/26/45) is within the class of persons (over forty) protected from age discrimination by the A.D.E.A., Title VII, and M.G.L. c. 151B. This cause of action arises from plaintiff's wrongful discharge in Massachusetts on July 12, 2002.

7. The plaintiff's supervisors in Massachusetts gave the plaintiff positive evaluations when they indicated that he was a valuable employee in his written evaluations from 1984 to July 2002, from which the fact finder could conclude that the plaintiff performed his job at an acceptable level.

8. A review of the evaluations indicates that plaintiff's work always was satisfactory, at the very least. With respect to job performance, there was no indication that plaintiff was a performance problem nor was there any discussion of such matters during all periods of his employment. Rather, the plaintiff acted as Quality Control Manager with high priority projects completed under his supervision.

9. There was no documented notice concerning complaints about plaintiff's performance.

10. The defendant's statements suggesting work performance issues are simply meritless. Any reasonable fact finder could conclude that the plaintiff performed his job at an acceptable level.

11. Perhaps the most damaging evidence of the plaintiff's adequate job performance is a letter dated July 12, 2002.

12. In the letter, the Director of Organizational Services, Stewart L. Aronson, states that Lloyd Peacock "has great customer service skills and instincts, and was a critical part in assuring the long-term relationships we enjoy with our major customers." Furthermore, he was "called upon to manage project and quality incentive programs as the realization of quality grew

in manufacturing industries. In each case, he assumed a leadership position, empowered his team to accomplish beyond their goals, and managed by steering rather than dictating.... He is a professional who always carried out his responsibilities at a high level."

13. Nevertheless, the defendant now claims the opposite.

14. The reasons given for the discharge contradict the written assessment of the plaintiff. The fact finder, however, could find the articulated reason to be incredible and thus, the reason advanced for termination to be false.

15. The fact that defendant's asserted reason is false, permits but does not require, an inference of unlawful discrimination.

16. In an indirect evidence case, the fact finder may infer discriminatory animus and causation from proof that the defendant offered a false reason for the adverse employment decision.

17. The plaintiff was terminated on July 12, 2002, and his position was filled by Michael Virusso, who is a younger person with similar, possibly inferior, qualifications. Michael Virusso has the same job title as complainant, Quality Control Manager. Mr. Virusso began working at the same job as complainant, and the written record is clear that complainant performed his job adequately. Mr. Virusso is aged in his 30s.

18. The selection of a younger replacement demonstrates both the prima facie case and that the reasons given for the discharge are false.

19. The defendant maintains that the plaintiff has been terminated because his immediate supervisors had lost confidence in the plaintiff's ability as a Quality Control Manager due to plaintiff's inability to perform his job.

20. The evidence in this case is sufficient to support the conclusion that the reason defendant advanced for the complainant's discharge was false, a pretext for discrimination, and that unlawful discrimination was the determinative cause of the discharge.

21. The plaintiff has suffered lost and future wages, benefits and substantial emotional distress as a result of the discharge.

### COUNT II
### VIOLATION OF 42 §12112(b)(4) of Americans with Disabilities Act (ADA)

22. The plaintiff realleges paragraphs 1 to 21 of the Complaint.

23. The plaintiff often was forced to take care of his infirm wife, a factor explicitly recognized by defendant after its reorganization.

24. Indeed, after plaintiff was discharged on July 24, 2002, defendant referred to this problem.

25. The ADA expressly prohibits discrimination against an individual "because of the known disability [here, the Multiple Sclerosis of plaintiff's wife] of an individual with whom the individual is known to have a relationship or an association." 42 §12112(b)(4).

26. Mr. Peacock was qualified for Quality Control Manager at the time of the adverse job action; he was subject to an adverse job action, i.e., termination; he was known by defendant to have had a wife with MS at the time of discharge; and the adverse employment action occurred under circumstances raising a reasonable inference that the disability of his wife was a major factor in the defendant's decision to terminate him.

27. The plaintiff has suffered past and future wages, benefits and substantial emotional distress as a result of the discharge.

WHEREFORE, the plaintiff demands single, double, and triple damages, interest, costs, and attorney's fees.

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

_____
Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108
Tel: 617-423-7575
BBO No. 03890
Attorney for Plaintiff