**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                 )

| | | |
|---|---|---|
| **LLOYD PEACOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C. A. No. 04-10891 DPW** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TECOMET, INC., a subsidiary of** | ) | |
| **VIASYS HEALTHCARE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Viasys Healthcare, Inc. ("Viasys"), through its attorneys, hereby

answers the Complaint in the above-captioned matter in accordance with the numbered

paragraphs of the Complaint.  All allegations contained in Plaintiff's Complaint, including any

allegations in Plaintiff's Prayer for Relief, that are not specifically and expressly admitted in this

Answer are hereby denied.

      1.  Upon information and belief, admitted.

      2.  Denied.

      3.  The allegations in paragraph 3 purport to state conclusions of law to which no

responsive pleading is required.

      4.  The allegations in paragraph 4 purport to state conclusions of law to which no

responsive pleading is required.

## COUNT I

5.    Defendant incorporates its foregoing answers to paragraphs 1 through 4 of the Complaint as if fully set forth herein.

6.    Defendant admits that the Plaintiff's date of birth is July 26, 1945.  The remaining allegations of the first sentence purport to state conclusions of law to which no responsive pleading is required.  Defendants deny the allegations in the last sentence.

7.    While Defendant admits that Plaintiff received positive performance evaluations throughout his career at Tecomet, the evaluations are writings which speak for themselves.  Accordingly, Defendant denies Plaintiff's characterization of them to the extent they are in any way inconsistent with the documents themselves.

8.    The allegations in paragraph 8 purport to characterize written documents which speak for themselves.  Accordingly, Defendant denies those allegations to the extent that they are in any way inconsistent with the documents they purport to characterize.

9.    Denied.  Plaintiff continually received substantive comments about his performance on his annual evaluation.  The writings speak for themselves.  Accordingly, Defendant denies Plaintiff's characterization of them to the extent they are in any way inconsistent with the documents themselves.

10. Denied.

11. Denied.

12. Defendant admits that Stewart L. Aronson wrote a letter of recommendation dated July 12, 2002.  The allegations of paragraph 12 purport to characterize a written document which speaks for itself.  Accordingly, Defendant denies those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

13. Denied.

14. Denied.

15. Denied.

16. The allegations in paragraph 16 purport to state conclusions of law to which no responsive pleading is required.

17. Admitted that Defendant terminated Plaintiff on July 12, 2002.  The remaining allegations are denied, except that Defendant admits the last sentence.

18. Denied.

19. Defendant admits that Plaintiff had been unable to perform as the sole Quality Control Manager.  Defendant denies the remaining allegations.

20. Denied.

21. Denied.

## COUNT II

22. Defendant incorporates its foregoing answers to paragraphs 1 through 21 of the Complaint as is fully set forth herein.

23. Denied.

24. Denied.

25. The allegations of paragraph 25 purport to conclusions of law to which no responsive pleading is required.

26. Denied.

27. Denied.

WHEREFORE, Defendant demands that this Court dismiss the Complaint with prejudice and with costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has failed to comply with the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has failed to comply with the statutory, administrative and/or jurisdictional prerequisites to the commencement of an action under state and federal anti-discrimination laws.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent he has failed to mitigate his damages or other monetary losses.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has in place a policy against unlawful discrimination and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which Plaintiff claims he was subjected and has otherwise acted in good faith to prevent and/or remedy unlawful discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Defendant made a reasonable accommodation to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has made a good faith effort to comply with all applicable non-discrimination laws and, therefore, Plaintiff is not entitled to punitive damages.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be

dismissed in its entirety and that Defendant be awarded such other relief as the Court believes is

just and proper.


Respectfully submitted,



/s/ Christopher R. O'Hara
Christopher R. O'Hara, Esquire
Todd & Weld, LLP
28 State Street, 31st floor
Boston, MA  02109



 /s Sharri H. Horowitz
Of Counsel:                     Edward S. Mazurek, Esquire, *pro hac vice*
Sharri H. Horowitz., Esquire, *pro hac vice*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5019

Attorneys for Defendant
VIASYS HEALTHCARE, Inc.


Dated:  September 3, 2004